JPL:AK
F.#2008R01056

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA       <u>MEMORANDUM OF LAW</u>

    - against -             10-CR-1020 (ENV)

ABDEL HAMEED SHEHADEH,
    also known as "Abul-Qasim,"
    "Abul-Qasim Ibn Abu Muhammad,"
    "Sunnah101" and "Abu Baheera,"

        Defendant.

- - - - - - - - - - - - - - - - -X

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR A PRETRIAL CONFERENCE PURSUANT TO
<u>THE CLASSIFIED INFORMATION PROCEDURES ACT</u>

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

James P. Loonam
Ali Kazemi
Assistant United States Attorneys
(Of Counsel)

## **PRELIMINARY STATEMENT**

The government respectfully submits this memorandum of law to apprise the Court of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"), to matters relating to classified information that may arise in connection with the prosecution, both before and during trial.  In addition, the government submits this memorandum of law in support of the government's motion for a pretrial conference, pursuant to Section 2 of CIPA, to consider such matters.  The government requests that the Section 2 conference be scheduled on April 8, 2011, the date of the next status conference in this matter.

**BACKGROUND**

As in all cases that may implicate classified information, the government herein provides the Court with a detailed description of the procedures mandated by the CIPA statute for protecting such classified information.

I.    PRETRIAL CONFERENCES, PROTECTIVE ORDERS AND DISCOVERY UNDER CIPA

    A.    Pretrial Conferences

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution."  18 U.S.C. App. 3, § 2.  After such a motion is filed, Section 2 states that the district court "shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]."  Id.

    B.    Protective Orders

Section 3 of CIPA requires the Court, upon the request of the United States, to issue an order "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case.  .  .  ."  The key Senate Report on CIPA, issued by the Senate Committee on the Judiciary, provides that the terms of a protective order may

3

include, but need not be limited to, provisions:

> (1) prohibiting the disclosure of the information except as authorized by the court; (2) requiring storage of material in a manner appropriate for the level of classification assigned to the documents to be disclosed; (3) requiring controlled access to the material during normal business hours and at other times upon reasonable notice; (4) requiring the maintenance of logs recording access by all persons authorized by the court to have access to the classified information in connection with the preparation of the defense; (5) requiring the making and handling of notes taken from material containing classified information; and (6) authorizing the assignment of government security personnel and the provision of government storage facilities.

S. Rep. No. 96-823, at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4299 (1980).

> C.   Discovery of Classified Information by the Defendant

Section 4 of CIPA provides, in pertinent part, that "[t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting the relevant facts that classified information would tend to prove." 18 U.S.C. App. 3, § 4. Like Rule 16(d)(1) of the Federal Rules of Criminal Procedure, Section 4 of CIPA provides that the United States may demonstrate that the use of such alternatives is warranted through an in camera, ex parte submission to the Court. Id.; see

United States v. Abu-Jihaad, 630 F.3d 102, 140 (2d Cir. 2010);
United States v. Aref, 533 F.3d 72, 81 (2d Cir. 2008); United
States v. Yunis, 867 F.2d 617, 622-23 (D.C. Cir. 1989); United
States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988); United
States v. Pringle, 751 F.2d 419, 427 (1st Cir. 1984).  CIPA's
legislative history makes clear that the Court may take national
security interests into account in determining whether to permit
discovery to be denied, restricted or deferred.  S. Rep. No. 96-
823, at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4299-4300 (1980);
see Aref, 533 F.3d at 78-79; see also United States v. Smith, 780
F.2d 1102, 1110 (4th Cir. 1985) (holding that defendant's right
to discovery must be balanced against public's interest in non-
disclosure); Pringle, 751 F.2d at 427.

II.     NOTICE OF DEFENDANT'S INTENT TO DISCLOSE AND PRETRIAL
        EVIDENTIARY RULINGS

        There are three critical pretrial steps in the handling
of classified information under CIPA after such information has
been provided to the defendant through discovery.  First, the
defendant must specify in detail the precise classified
information he reasonably expects to disclose at trial.  Second,
the Court, upon motion of the government, shall hold a hearing
pursuant to Section 6(a) to determine the use, relevance and
admissibility of the proposed evidence.  Third, following the
Section 6(a) hearing and formal findings of admissibility by the
Court, the United States may move to substitute an admission of

5

relevant facts or summaries for classified information that the
Court rules is admissible.

    A.    <u>The Requirement to Provide Notice of Disclosure</u>

        A linchpin of CIPA is Section 5(a), which requires a
defendant who intends to disclose (or cause the disclosure of)
classified information to provide timely pretrial written notice
of his intention to the Court and the government.  Section 5(a)
expressly requires that such notice "include a brief description
of the classified information," and the leading case under
Section 5(a) holds that such notice "must be <u>particularized</u>,
setting forth <u>specifically</u> the classified information which the
defendant reasonably believes to be necessary to his defense."
<u>United States v. Collins</u>, 720 F.2d 1195, 1199 (11th Cir. 1983)
(emphasis added); <u>see also</u> <u>United States v. Giffen</u>, 473 F.3d 30,
33 (2d Cir. 2006); <u>Yunis</u>, 867 F.2d at 623 ("a defendant seeking
classified information . . . is entitled only to information that
is at least 'helpful to the defense of [the] accused'"); <u>United
States v. Smith</u>, 780 F.2d 1102, 1105 (4th Cir. 1985)(<u>en</u> <u>banc</u>).
This requirement applies to both documentary exhibits and oral
testimony, whether it is anticipated to be brought out on direct
or cross-examination.  <u>See</u>, <u>e.g.</u>, <u>United States v. Wilson</u>, 750
F.2d 7 (2d Cir. 1984); <u>Collins</u>, 720 F.2d 1195 (11th Cir. 1983).

        If a defendant fails to provide a sufficiently detailed
notice far enough in advance of trial to permit the

implementation of CIPA procedures, Section 5(b) authorizes the Court to preclude disclosure of the classified information.  <u>See</u> <u>United States v. Hashmi</u>, 621 F.Supp.2d 76, 81 (S.D.N.Y. 2008); <u>United States v. Badia</u>, 827 F.2d 1458, 1464-66 (11th Cir. 1987) (upholding preclusion of disclosure of classified information at trial because defendant failed to comply with notice requirements of CIPA § 5).  Similarly, if the defendant attempts to disclose at trial classified information which is <u>not</u> described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b) of CIPA.  <u>See</u> <u>Smith</u>, 780 F.2d at 1105 ("defendant is forbidden from disclosing any such information absent the giving of notice"); <u>see</u> <u>generally</u> <u>United States v. North</u>, 708 F. Supp. 389 (D.D.C. 1988).

     B.   <u>The Pre-Trial Hearing on Disclosure</u>

       Prior to trial, pursuant to Section 6(a) of CIPA, upon motion of the government, the Court must hold a hearing "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding."  18 U.S.C. App. 3, § 6(a).  The statute expressly provides that if the Section 6(a) motion is filed before trial or the relevant pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] <u>prior</u> to the commencement of the relevant proceeding."  <u>Id.</u> (emphasis added).

7

Section 6(b) of CIPA requires that before any hearing is conducted under subsection (a), the United States must notify the defendant of the hearing and identify the classified information which will be at issue.  If the information was not previously made available to the defendant, the United States may, with the Court's approval, provide a generic description of the material to the defendant.  Thus, as Congress recognized in enacting CIPA, "the Government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the Government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval."  S. Rep. No. 96-823, at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4301 (1980).

At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel, then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.[1]  See Giffen, 473 F.3d at 33; Smith, 780 F.2d at 1106; see generally Yunis, 867 F.2d at 622.  The Court's inquiry does not end there, however,

---

[1] CIPA does not change the "generally applicable evidentiary rules of admissibility." Wilson, 750 F.2d at 9; accord Yunis, 867 F.2d at 623.  Rather, CIPA alters the timing of rulings concerning admissibility, so as to require them to be made before trial.  United States v. Poindexter, 698 F. Supp. 316, 318 (D.D.C. 1988); accord United States v. Smith, 780 F.2d at 1106.

for under Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial." Id.  The Court must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading," so that it should be excluded under Rule 403 of the Federal Rules of Evidence.  Wilson, 750 F.2d at 9.  At the conclusion of the Section 6(a) hearing, the Court must state in writing the reasons for its determination as to each item of classified information.

     C.    Substitution in Lieu of Disclosure

In the event that the Court rules that one or more items of classified information are admissible, the United States has the option of proposing a "substitution" for the classified information at issue, pursuant to Section 6(c) of CIPA.  18 U.S.C. App. 3, § 6(c).  The United States may move for permission to provide the defense either a substitute statement admitting relevant facts that the classified information would tend to prove, or substitute a summary of the classified information that would otherwise be disclosable.  See Giffen, 473 F.3d at 33; Smith, 780 F.2d at 1105.  The Court must grant the motion for substitution "if it finds that the admission or summary will leave the defendant in substantially the same position as would disclosure." United States v. North, 910 F.2d 843, 899 (D.C. Cir. 1990).

If the Court determines that the item of classified information at issue is relevant and admissible and denies the government's motion for substitution, Section 6(e)(1) of CIPA permits the government to object to the classified information's disclosure.  18 U.S.C. App. 3, § 6(e)(1).  In such cases, the Court "shall order that the defendant not disclose or cause the disclosure of such information."  Id.  Section 6(e) then sets forth a sliding scale of remedies that the Court may impose in such a case.  Id. at § 6(e).

III.   OTHER RELEVANT CIPA PROCEDURES

A.   Interlocutory Appeal

Section 7(a) of CIPA provides for an interlocutory appeal by the United States from any decision or order of the trial judge "authorizing the disclosure of classified information, imposing sanctions for nondisclosure of classified information, or refusing a protective order sought by the United States to prevent the disclosure of classified information."  The term "disclosure" relates both to information which the court orders the United States to divulge to the defendant as well as to information already possessed by the defendant which he or she intends to make public.  Section 7(b) instructs the Court of Appeals to give expedited consideration to any interlocutory appeal filed under subsection (a).

10

B.    <u>Rules Governing Introduction of Classified Information</u>

In order to prevent "unnecessary disclosure" of classified information, section 8(b) permits the Court to order admission into evidence of only a part of a writing, recording or photograph.  Alternatively, the Court may order into evidence the entire writing, recording or photograph with all or part of the classified information contained therein excised.  Excision of such classified information may not be authorized, however, if fairness requires that the whole document, recording or photograph be considered.

Section 8(c) establishes a procedure for addressing the problems that may emerge during the taking of testimony from a witness who possesses classified information not previously found to be admissible.  If the defendant knows that a question or a line of inquiry would result in disclosure of classified information, CIPA mandates that he or she give the United States immediate notice under Section 5 of the Act; Section 8(c), in effect, serves as a supplement to the Section 6(a) procedures, addressing circumstances that might not have been anticipated in advance of the taking of testimony.  Thus, upon objection of the United States to a defense question or line of inquiry not covered in a Section 6(a) proceeding, the Court must take suitable action to avoid the improper disclosure of classified information by a witness.

11

C.    Security Procedures

        Section 9 of CIPA required the Chief Justice of the United States to prescribe security procedures for the protection of classified information in the custody of federal courts.  On February 12, 1981, Chief Justice Burger promulgated these procedures.

IV.        POSSIBLE EXISTENCE OF CLASSIFIED MATERIAL

        In the instant case, classified material may exist that could be subject to disclosure in advance of trial under applicable rules, statutes and/or case law.  The disclosure of such material would raise issues of national security that the Court should address before the material is provided to the defense.  Pursuant to Section 2 of CIPA, the United States respectfully requests that the Court schedule a conference to establish a discovery and motion schedule relating to any classified information on April 8, 2011, the date of the next scheduled status conference.

12

## ARGUMENT

In the instant case, the defendant ABDEL HAMEED SHEHADEH is charged with three counts of making material false statements in a matter involving international terrorism, in violation of 18 U.S.C. §§ 1001(a)(2). Due to the nature of the charges and the expected evidence, the United States anticipates that issues relating to classified information will arise in connection with this case. Accordingly, the United States respectfully moves for a pretrial conference pursuant to Section 2 of CIPA to establish a discovery and motion schedule relating to any classified information. The government further requests that this conference be scheduled on April 8, 2011, the date of the next status conference in this matter. Prior to the Section 2 pretrial conference, the government will endeavor to identify all possible classified material and determine its potential applicability, nature and volume.

At the Section 2 pretrial conference, the government will provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information.[2] Based on that estimate, the government will request

_____

[2] Because of the classified nature of any such information, the government will not be able to describe the nature of the information in open court. Should the Court wish a submission regarding the nature of the information, the government would request authorization to convey that information ex parte and in camera, either orally at a sealed conference or through a sealed letter.

a schedule for the filing of motions, pursuant to Sections 3 and 4 of CIPA, relating to the deletion, substitution and/or disclosure pursuant to a protective order of classified information otherwise subject to discovery under the Federal Rules of Criminal Procedure.  <u>Id.</u> at § 4.

Finally, pursuant to Section 4 of CIPA, the government will request that the Court authorize an <u>in</u> <u>camera</u>, <u>ex parte</u> submission regarding classified materials that the government believes should be subject to deletion, substitution or disclosure pursuant to a protective order.  <u>Id.</u>  Courts have consistently held that <u>in</u> <u>camera</u>, <u>ex</u> <u>parte</u> submissions to a district court in matters involving national security are proper. <u>See</u>, <u>e.g.</u>, <u>Abu-Jihaad</u>, 630 F.3d at 140; <u>Aref</u>, 533 F.3d at 81; <u>United States v. Mejia</u>, 448 F.3d 436, 455 (D.C. Cir. 2006); <u>United State v. Gurolla</u>, 333 F.3d 944, 951 (9th Cir. 2003); <u>Pringle</u>, 751 F.2d at 427.

14

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court schedule a conference on April 8, 2011, the date of the next status conference in this matter, to establish a discovery and motion schedule relating to any classified information pursuant to Section 2 of CIPA.

Dated:      Brooklyn, New York
            April 1, 2011

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York


                    By:    /s/ Ali Kazemi
                           James P. Loonam
                           Ali Kazemi
                           Assistant U.S. Attorneys

15