

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAJ:JPL
F.#2008R00530

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

February 13, 2012

By ECF

The Honorable Eric N. Vitaliano
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Abdel Hameed Shehadeh
         Criminal Docket No. 10-1020 (ENV)

Dear Judge Vitaliano:

    On February 2, 2012, the defendant served the undersigned Assistant United States Attorney with a subpoena to produce "[d]ocuments reflecting payments to or on behalf of Abdel Shehadeh."  The government respectfully submits this letter as a motion to quash the defendant's subpoena.

I.   Background

    The defendant has moved to suppress post-arrest statements he made to law enforcement officers on October 22, 2010.  In his motion, the defendant argued that his post-arrest statements were taken in violation of his Fifth and Sixth Amendment rights because an attorney for the government allegedly told him that he could speak with a defense lawyer, but that if he did, his case would become public and he would lose any chance of being immediately released.  See Def. Memo., Dec. 27, 2011.  The government has opposed this motion, and a hearing in this matter is scheduled for February 16, 2012.

    On February 1, 2012, the defendant filed a letter with the government requesting the production of certain documents in advance of the hearing.  Specifically, the defendant requested:

> Any reports filed by any person whom the
> Government intends to call as a witness,
> which report (sic).

>    Any internal report kept by the United States Attorney's Office which contained a requisition for a travel authorization or a memorandum authorizing the travel by AUSA Ali Kazemi to Hawaii at the time prior to the arrest of Shehadeh.
>
>    Travel vouchers including ticket information in regard to dates of travel.(exclude any personal information i.e. addresses etc).
>
>    Notes kept by agents even if they did not testify which reflect any relevant conversation with or by Ali Kazemi.
>
>    Any advance ticketing for the defendant from Hawaii to the Southern District of New York (sic).
>
>    Documents reflecting the support of Mr. Shehadeh by an agency of the Government prior to his arrest.  This is not a present demand for classified documents but merely demonstrating that the Government paid for his support while he was in Hawaii.
>
>    Post arrest reports by Ali Kazemi dealing with the arrests and statements.

Def. Letter to Gov., Feb. 1, 2012.

After discussions between the parties, we have resolved all but one of the issues arising from the defendant's document production request.  To that end, on February 2, 2012, the defendant served the undersigned Assistant United States Attorney with a subpoena to produce "[d]ocuments reflecting payments to or on behalf of Abdel Shehadeh."  The government now moves to quash this subpoena.

II.  Rule 17 Subpoenas Are Not Tools For Discovery And The Defendant's Subpoena Should Be Quashed

    A.  Applicable Law

The use of Rule 17 subpoenas in criminal cases is governed by the Supreme Court's decision in United States v. Nixon, 418 U.S. 683 (1974).  The Nixon Court principally recognized that the Rule 17 subpoena "was not intended to provide

a means of discovery for criminal cases." Nixon, 418 U.S. at 698. "Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery found in Fed. R. Crim. P. 16." United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir. 1980); see also Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951) ("Rule 17(c) was not intended to provide an additional means of discovery"); United States v. Murray, 297 F.2d 812, 821 (2d Cir. 1962) (same); United States v. Fowler, 932 F.2d 306, 311 (4th Cir. 1991) ("Rule 17(c), which governs the issuance of subpoenas duces tecum, is not a discovery device"); United States v. Gel Spice Co., 601 F. Supp. 1214, 1224 (E.D.N.Y. 1985) ("purpose of the Rule 17(c) is not to facilitate discovery but, rather, to enable one to obtain and inspect evidentiary material prior to trial"). As the Supreme Court has explained: "It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." Bowman Dairy Co., 341 U.S. at 220.

The Supreme Court therefore held that, in order to require production of materials pursuant to Rule 17, the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Nixon at 699-700 (citing Bowman Dairy, 341 U.S. at 220). The Court specified that, "[a]gainst this background," the subpoena proponent must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. at 700 (emphasis added). A Rule 17(c) subpoena may not be used to obtain evidence that is inadmissible at trial. See United States v. Cherry, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) ("The weight of authority holds that in order to be procurable by means of a Rule 17(c) subpoena, materials must themselves be admissible evidence."); United States v. Gross, 24 F.R.D. 138, 141 (S.D.N.Y. 1959) (Rule 17(c) cannot be used "to obtain leads as to the existence of additional documentary evidence or to seek information.... This type of discovery, permissible under the Federal Rules of Civil Procedure, has not been authorized for criminal trials").

4

Discovery in criminal cases is governed by Rule 16 of the Federal Rules of Criminal Procedure. With the exception of those documents specifically enumerated in Rule 16(a)(1), Rule 16(a)(2) expressly prohibits "discovery or inspection of reports, memoranda or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case." Fed. R. Crim. Pro. 16(a)(2). "A defendant may not obtain through Rule 17 documents which are protected from disclosure pursuant to Rule 16(a)(2)." United States v. Orena, 883 F.Supp. 849 (E.D.N.Y. 1995)(quashing subpoenas issued to the United States Attorneys Office and Federal Bureau of Investigation)(citing United States v. Cherry, 1995 WL 78022 (S.D.N.Y. 1995)).

B. Discussion

The defendant's subpoena plainly fails to meet the Nixon requirements for a Rule 17 subpoena, and violates Rule 16(a)(2).

First, the subpoena is subject to quashing under the Nixon requirements because it does not seek "relevant" "evidentiary" materials. The subpoena also fails the Nixon Court's specificity requirement. The defense claims to require the subpoenaed materials in connection with the upcoming suppression hearing, however the suppression hearing, as framed by the defendant himself, concerns whether or not a prosecutor made coercive statements to the defendant prior to his Miranda waiver. The defendant has not alleged, nor could he allege, that he was paid to waive his Miranda rights. There is no conceivable relevance of the subpoenaed documents, if they were to exist, to the issue raised by the defendant in his suppression motion. To the contrary, the defendant's subpoena is exactly the type of non-specific "fishing expedition" prohibited by the Supreme Court. See Nixon at 699-700 (citing Bowman Dairy, 341 U.S. at 220). After consultation between the parties, the government believes that the defense seeks to determine whether the government expended resources on an undercover or covert basis during the course of its investigation of Shehadeh. This would clearly fall outside the scope of Rule 17 and Nixon.

Even putting aside the subpoena's failure to comply with the Nixon requirements, the subpoena violates Rule 16(a)(2), which prohibits the use of a subpoena to obtain "discovery or inspection of ... internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case." "A defendant may not obtain through Rule 17 documents which are

5

protected from disclosure pursuant to Rule 16(a)(2)." United States v. Orena, 883 F.Supp. 849 (E.D.N.Y. 1995).

III. Conclusion

       For the foregoing reasons, the defendant's subpoena should be quashed.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                By:       /s/
                      James P. Loonam
                      Assistant U.S. Attorney
                      (718) 254-7520

cc:  Frederick H. Cohn, Esq. (By email)