UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                            Plaintiff,

    -against-

ABDEL HAMEED SHEHADEH,

                          Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

10-cr-1020 (ENV)

**VITALIANO, D.J.**

    Defendant Abdel Hameed Shehadeh stands charged by an indictment filed on this docket of making material false statements to government agents in a matter involving international terrorism, in violation of 18 U.S.C. § 1001(a)(2). At the heart of this case is the government's allegation that Shehadeh traveled to Pakistan in 2008 to join a violent insurgent group and, thereafter, lied to federal agents about the purpose of his trip. Before the Court now is the government's motion, pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 §§ 1-16, and Fed. R. Crim. P. 16(d)(1), for a protective order. The government seeks relief from certain of its ordinary disclosure obligations due to the classified nature of much of the evidence collected during its investigation. Given this context, the government submitted its motion on an ex parte, in camera basis. For the reasons stated below, the motion is granted and this protective order issues.

    A. <u>CIPA's Framework for Protecting Classified Information</u>

    "CIPA establishes rules for the management of criminal cases involving classified information." In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 93, 115 (2d Cir. 2008). "Its animating purpose is to harmonize a [criminal] defendant's right to obtain and present exculpatory material with the government's need to withhold information from discovery when

1

disclosure would be inimical to national security." Id. at 115-16.

Section 4 of CIPA "provides that, if the discovery to be provided to the defense pursuant to the Federal Rules of Criminal Procedure includes classified information, the district court may, 'upon a sufficient showing, . . . authorize the United States to delete specified items of classified information[,] . . . to substitute a summary of the information[,] . . . or to substitute a statement admitting relevant facts that the classified information would tend to prove.'" Id. at 116; see also 18 U.S.C. App. 3 § 4. "This provision clarifies district courts' power under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause." United States v. Aref, 533 F.3d 72, 78 (2d Cir. 2008).

CIPA's framework for nondisclosure provides a means for applying the state secrets privilege to classified information which, otherwise, would be discoverable. Id. at 78-79. Proper application of that privilege requires a balancing of the government's need to protect national security with the right of a defendant to mount a full defense. In balancing these competing concerns, "the district court must first decide whether the classified information the Government possesses is discoverable." Id. at 80.[1]

> If it is, the district court must then determine whether the state-secrets privilege applies because: (1) there is a reasonable danger that compulsion of the evidence will expose . . . matters which, in the interest of national security, should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer. . . .

---

[1] CIPA defines "classified information" as "information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security." 18 U.S.C. App. 3 § 1(a). The government's submission in this case contains a declaration by an appropriate government official "adequately describ[ing] the reasons for the information's classification and the harm that would result from disclosure." United States v. Juma Khan, No. 08 CR. 621 (NRB), 2010 WL 330241, at *1 (S.D.N.Y. Jan. 20, 2010). This suffices to place the information at issue within CIPA's ambit as CIPA recognizes classification as "an executive decision, one that courts are ill-suited to second-guess." United States v. Zazi, No. 10-CR-60 (JG), 2011 WL 2532903, at *2 n.3 (E.D.N.Y. June 24, 2011).

2

> If the evidence is discoverable but the information is privileged, the court must next decide whether the information is helpful or material to the defense, i.e., useful to counter the government's case or to bolster a defense.

Id. (internal citations and quotations omitted); see also Roviaro v. United States, 353 U.S. 53, 60-61, 77 S. Ct. 623 (1957); United States v. Reynolds, 345 U.S. 1, 8, 73 S. Ct. 528 (1953). "To be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), to disclose exculpatory information. Information can be helpful without being 'favorable' in the Brady sense." Aref, 533 F.3d at 80 (internal citations and quotations omitted).

Where the classified materials at issue contain matter that is helpful or material to the defense, the government's privilege must "give way" to a "defendant's right to present a meaningful defense." United States v. Abu-Jihaad, 630 F.3d 102, 141 (2d Cir. 2010) (quotations omitted). A court, however, may permit the government to produce that information in a form that will preserve its sensitivity (e.g., redacted, summaries, factual stipulations). See Zazi, 2011 WL 2532903, at *4; Khan, 2010 WL 330241, at *2; see also 18 U.S.C. App. 3 §§ 4, 6.

B. Discussion

In addition to its memorandum of law, the government submitted extensive examples of the material it seeks to exclude from discovery and, in some cases, even substitute disclosure. Though the Court's "discussion of the classified information is necessarily circumspect," Abu-Jihaad, 630 F.3d at 141; Zazi, 2011 WL 2532903, at *1, it reviewed, in detail, all materials submitted. The Court also requested, ex parte, supplementary material to review in camera. (Dkt. No. 74.) Moreover, the Court held an ex parte conference with defense counsel to glean insight into defense strategy so as to ensure informed evaluation and identification of any items of information that could be "helpful or material." See, e.g., Terrorist Bombings, 552 F.3d at 118-19; Aref, 533 F.3d at

3

76-77.² The Court is satisfied that the government, in good faith and with the interests of justice truly in mind, conducted a diligent and thorough search for all discoverable material—whether under Rule 16, Brady, Giglio, or the Jencks Act—and, with respect to the privileged matter it has culled, has endeavored to provide defense counsel with all information that is even arguably helpful or material to the defense.

Set against that backdrop, the government seeks two forms of relief. First, it seeks to delete certain classified documents and information from discovery entirely, and, second, moves to substitute approved classified summaries for certain other of the withheld classified materials.

As an initial matter, the Court finds that the materials the government seeks to exclude in whole or in part from discovery are, in fact, discoverable. Aref, 533 F.3d at 80. Further, the privilege for state secrets has been properly invoked. Based on the government's showing, the Court has no doubt that "there is a reasonable danger that compulsion of the [withheld] evidence will expose . . . matters which, in the interest of national security, should not be divulged." Id. (quotations omitted). Moreover, the government has submitted a declaration by the "head of the department which has control over the matter, after actual personal consideration by that officer," properly asserting the privilege. Id. at 80; Zazi, 2011 WL 2532903, at *4.

### 1. *Materials to be deleted from discovery*

The government seeks to completely withhold certain materials, since they are neither helpful nor material to the defense. It has provided numerous examples of these materials for the

---

² "Section 4 of CIPA and Rule 16(d)(1) of the Federal Rules of Criminal Procedure both authorize ex parte proceedings." See United States v. Medunjanin, No. 10-cr-19-1 (RJD), Dkt. No. 172, Slip Op. at 2 n.1 (E.D.N.Y., filed Feb. 22, 2012) (citing Abu-Jihaad, 630 F.3d at 143); see also 18 U.S.C. App. 3 § 4; Fed. R. Crim. P. 16(d)(1). Of course, since the government's motion was submitted under seal on an ex parte basis, nothing of the motion's substance, nor the classified material referenced in it, was shared with defense counsel.

Court's review.[3] After careful consideration, the Court finds that these materials, which are properly subject to the state secrets privilege, are neither helpful nor material to the defense. "By any measure, [Shehadeh] could not use the withheld material 'to bolster his defense or to counter the government's case,' nor would the information aid counsel" in constructing an effective defense. Zazi, 2011 WL 2532903, at *4 (quoting United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993)). These documents, therefore, may be properly withheld in their entirety from defendant and his counsel. See United States v. El-Hanafi, No. S5 10-CR 162, 2012 WL 603649, at *6 (S.D.N.Y. Feb. 24, 2012).[4]

2. *Materials to be substituted*

In parallel with its request to wholesale withhold certain specified materials, "the government acknowledges . . . some [other] of the classified information is relevant and potentially helpful to the preparation of" Shehadeh's defense. Khan, 2010 WL 330241, at *3. These materials are detailed in Part VII of the government's memorandum. As to this information, the government has provided proposed classified summaries "as contemplated by CIPA § 4." Id.; see also 18 U.S.C. App. 3 § 4 ("The court . . . may authorize the United States . . . to substitute a summary of the information for [original] classified documents . . . ."). It has also provided the Court with the complete original source materials for comparison to the classified summaries.

The Court reviewed all submitted source materials and compared each part of the proposed classified summaries to its corresponding source materials to ensure both accuracy and completeness. In response to the Court's request (Dkt. No. 74), the government provided additional information regarding one of its summaries, which included a proposed modification to that

---

[3] The materials are identified and discussed in Part VI of the government's memorandum. Furthermore, the Court requested, and the government provided, an additional random sample of such materials selected by the Court for in camera review.

[4] The small subset of Brady material identified in the final paragraph of Part VI.B.10 of the government's memorandum must be provided to the defense, as the government proposes.

5

summary. (See Dkt. No. 75, at p. 3.) The original materials do, indeed, contain some information that is arguably exculpatory, but, at the very least "helpful or material" to the defense. Aref, 533 F.3d at 80. The Court finds, though, that the government's proposed summaries, as modified by the government's supplemental submission, provide defendant with all that is either helpful or material, while at once protecting the classified aspects of the source materials.

## Conclusion

Accordingly, as described in this Memorandum and Order, the government's motion to withhold classified information from discovery to the extent it is neither helpful nor material to the defense is granted. Further, the motion to provide classified summaries of classified information that may be helpful or material to the defense in lieu of disclosing the classified source material is also granted. The government's proposed classified summaries, appearing as Exhibits G and H to the government's memorandum (Dkt. No. 72) are hereby approved for disclosure, as modified by the government's supplemental memorandum. (Dkt. No. 75.)

It is further ordered that the government's entire submission in support of this motion shall remain sealed and preserved by the Classified Information Security Officer, to be made available to an appellate court in the case of an appeal.

**SO ORDERED.**

Dated: Brooklyn, New York
April 17, 2012

s/ENV

_____
ERIC N. VITALIANO
United States District Judge