UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------X
United States of America,

          **ORDER**
v.         Docket Number: 10-CR-1020

Abdel Hameed Shehadeh,

      Defendant
----------------------------------------------------X

**Eric N. Vitaliano, United States District Judge:**

  A hearing having been held on this matter at which Defendant, Abdel Hameed Shehadeh was present and represented by counsel, it is hereby ORDERED that Defendant's conditions of supervised release are modified to include the following conditions:

  The defendant shall provide the Probation Department with account identifiers and passwords for each account, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within five days of such action. Failure to provide accurate account information may be grounds for revocation of release. Defendant shall permit the Probation Department to access and search any account using his credentials when reasonable suspicion exists that he has violated a condition of supervision and that the account to be searched contains evidence of this violation. Failure to submit to such a search may be grounds for revocation of release.

  The defendant shall submit his or her person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e) (1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

  The defendant shall participate in polygraph examinations required by the Probation Department to obtain information necessary for risk management and correctional treatment.

The defendant shall participate in a mental health treatment program approved by the U.S. Probation Office. The defendant shall contribute to the cost of services rendered or any psychotropic medications as prescribed, via co-payment or full payment, in an amount to be determined by the U.S. Probation Office, based upon the defendant's ability to pay and/or the availability of third-party payment.

Upon request, the defendant shall provide the U.S. Probation Office with full disclosure of his financial records, including co-mingled income, expenses, assets, and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, the defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. The defendant shall cooperate with the Probation Officer in the investigation of his financial dealings and shall provide truthful monthly statements of his/her income and expenses. The defendant shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records.

The defendant agrees that the Probation Department may, in its discretion, share information obtained during its monitoring of his phone, electronic, Internet capable, and/or computer systems, communications accounts, and devices with the FBI in order for the FBI to assist the Probation Department in evaluating such information as part of assessing the Defendant's compliance with the terms of his supervision.

The participant shall be monitored by location monitoring for a period of 6 months, using specific technology to be determined by the U.S. Probation Office. The participant is restricted to his/her residence every day from 7pm To 7am or as directed by the supervising officer (curfew). The participant shall abide by all technology requirements and shall pay all or part of the costs of participation in the location monitoring program, as directed by the Court and supervising officer.

The defendant shall cooperate with the U.S. Probation Office's Computer and Internet Management/Monitoring ("CIMP") program. Cooperation shall include, but not be limited to, identifying computer systems (as defined in 18 U.S.C. § 1030(e)(1)), Internet-capable devices, and/or any electronic media capable of data storage the defendant has access to, allowing an initial examination of the device(s), and installation of monitoring software/hardware on the device(s), at the defendant's expense. The monitoring software/hardware is authorized to capture and analyze all data processed by and/or contained on the device, including the geolocation of the device. The defendant must provide the Probation Office advance notification of planned use or purchase of any device(s). The defendant shall not use any device(s) without approval until compatibility with current monitoring software/hardware is determined and installation of monitoring software/hardware is completed. The Probation Office may access the device and/or data captured by the monitoring software/hardware at any time with or without suspicion that the defendant has violated the conditions of supervision. The defendant may be limited to possessing only one personal Internet-capable device, to facilitate the Probation Office's ability to effectively manage and monitor the device. The defendant shall also permit seizure and removal of computer systems, Internet-capable devices, and any

electronic media capable of data storage for further analysis by law enforcement or the Probation Office based upon reasonable suspicion that a violation of a condition of supervision or unlawful conduct by the defendant has or is about to occur. Failure to comply with the monitoring, seizure and/or search of any computer systems, Internet-capable devices, and any electronic media capable of data storage may result in adverse action such as sanctions and/or revocation. The defendant shall inform all parties that access a monitored device, that the device is subject to search and monitoring.

SO ORDERED.

Dated: Brooklyn, New York
January 19, 2022

/s/Eric N. Vitaliano

Eric N. Vitaliano
U.S. District Judge